Curia, -per
Wardlaw, J.
It is material to remember in this case that the plaintiff here was the real plaintiff in the senior execution, and by the verdict has been found to have been aware of the payment of that execution and of *120 the orders given upon the junior executions. He is not like an innocent purchaser without notice, who might say that he looked into the sheriff’s authority and found the old execution standing open, and one of the younger ones without any mark contradicting the directions of the process. He stands upon his strict legal rights, and is entitled to no favor beyond what they will give him.
The case of Hunter vs. Stevenson, 1 Hill, 415, shews that the actual payment of the senior execution deprived it of all efficacy as authority for the sheriff, even in behalf of one who purchased without notice of the payment:— much more, in behalf of the plaintiff who received the payment.
The junior executions directed the sheriff to levy without delay. As to the debts to be collected, there is no doubt that the plaintiff in execution or his agent could give orders to wait, which the sheriff was bound to obey. The orders were rendered much more notorious and more easy of proof, by being written on the process : but when proved, were just as effectual against persons having notice of them, if verbal, as if written. They forbade the sheriff to proceed : and notice of them brought home to this plaintiff prevents him from saying that he was misled by the seeming authority which the sheriff was allowed to retain.
As to the costs, the proof is, that the sale was not made at all under the junior executions : and the court is satisfied with the view taken on the circuit, that after orders to wait from the plaintiff in execution, some act, on the part of some officer, contradicting those orders, is necessary to authorize the sheriff’s proceeding for costs only.
The sale to the plaintiff having been procured by himself, and being unauthorized by any authority to the sheriff, could confer no title.
The motion is dismissed.
Richardson, O’Neall, Evans and Frost, JJ. concurred.
' Butler, J. absent.